KAREN NELSON MOORE, Circuit Judge,
concurring in part and dissenting in part.
Because I conclude that, viewing the evidence in the light most favorable to the plaintiff, a trier of fact could reasonably infer that Defendant Takacs demonstrated deliberate indifference to a substantial risk to Daniel Kosloski’s serious medical needs, I respectfully dissent.
As the district court acknowledged, there was a fair amount of evidence suggesting that someone in Takacs’s position would have known that Kosloski likely had endocarditis. For one, in his affidavit, Kosloski explains that he told Takacs that his girlfriend suffered from the disease and that they shared intravenous needles. This alone should have concerned Takacs given her familiarity with endocarditis and the means by which it spreads. But even if Takacs failed to make this connection, Kosloski explicitly told her that a physician had advised him to get tested for endocarditis.
This, of course, does not provide direct evidence that Takacs consciously disregarded the risk that Kosloski had contracted endocarditis. But plaintiffs asserting Eighth Amendment claims may rely upon “circumstantial evidence” from which the requisite culpable state of mind can be inferred. Comstock v. McCrary, 273 F.3d 693, 703 (6th Cir.2001) (citing Farmer v. Brennan, 511 U.S. 825, 842, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)), cert. denied, 537 U.S. 817, 123 S.Ct. 86, 154 L.Ed.2d 22 (2002). In particular, “‘a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.’ ” LeMarbe v. Wisneski, 266 F.3d 429, 436 (6th Cir.2001) (quoting Farmer, 511 U.S. at 842, 114 S.Ct. 1970), cert. denied, 535 U.S. 1056, 122 S.Ct. 1914, 152 L.Ed.2d 824 (2002). Here, a jury could find that the risk was indeed obvious. After all, it is one thing negligently to overlook a symptom, but it is quite another to ignore a disease that is specifically identified by a patient and a previous doctor. Under such circumstances, it is difficult for Takacs plausibly to claim that she did not know that Kosloski might be affected by the disease.
Similarly, Kosloski’s affidavit indicates that Takacs ended her interview by telling Kosloski to “quit wasting her time.” Record on Appeal (“ROA”) at 209 (Kosloski Aff. at 4). A jury might understandably find such a statement to be quite callous. Indeed, when combined with the fact that Takacs conducted nothing more than a “visual[ ] observation]” which did not even involve checking Kosloski’s temperature, ROA at 256 (Takacs Dep. at 15), a trier of fact might reasonably conclude that Takacs was deliberately indifferent to a substantial risk to Kosloski’s serious medical needs.
The majority summarily concludes, however, that Takacs honestly “thought [Kosloski] did not have endocarditis ... because of [his] lack of symptoms, past diagnosis, or previous treatment for endo *182 carditis.” Maj. Op. at 180. But a reasonable jury might attach little weight to the fact that Kosloski had not yet been diagnosed with or treated for endocarditis. After all, the whole point of his inquiry to Takacs was to determine whether he had endocarditis and then to obtain treatment for it, and for a nurse to respond with nothing more than a cursory examination might very well be found to constitute the kind of deliberate indifference to a serious medical need that the Eighth Amendment prohibits.
Of course, the majority may be right that Takacs had only the best intentions, and if they were acting as the trier of fact they would be free to reach this conclusion. But the majority provides little explanation as to why a different inference might not be equally reasonable, and I can find none. Therefore, I would reverse the district court’s judgment with respect to Defendant Takacs and remand for further proceedings. I respectfully dissent.